IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WILLIAM G. CREASY, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 3:22-cv-00034 |
| MARTIN FRINK, Warden, | ) ) ) | Judge Trauger |
| Respondent. | ) ) | |

**MEMORANDUM AND ORDER**

William Creasy, an inmate at the Trousdale Turner Correctional Complex (TTCC) in Hartsville, Tennessee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1.) In response, the respondent has filed a Motion to Dismiss the Petition based on the statute of limitations (Doc. No. 13), supported by a memorandum of law (Doc. No. 14) and the record of proceedings in state court. (Doc. No. 12.) The petitioner filed a response to the Motion to Dismiss (Doc. No. 16), along with additional filings and motions unrelated to the statute of limitations defense asserted in the respondent's motion.

The Motion to Dismiss is now before the court for disposition. Though the petitioner requests an evidentiary hearing (Doc. No. 17), the record before the court demonstrates that an evidentiary hearing is not needed to resolve the Motion to Dismiss. *See Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)) (evidentiary hearing not required "if the [state court] record refutes the applicant's factual allegations or otherwise precludes habeas relief"); *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (same). As explained below, this action is untimely and will be dismissed on that basis.

# I. BACKGROUND

The petitioner challenges the constitutionality of his February 13, 2020 conviction and sentence in Sumner County Criminal Court for two crimes to which he pled guilty. (Doc. No. 1 at 1.) For those crimes (theft over $2,500 and tampering with evidence), the petitioner was sentenced to 12 years at 60% and 15 years at 60%, respectively, in the Tennessee Department of Correction (TDOC), to run concurrently with prior sentences. (*Id.*; *see also* Doc. No. 12-1 at 33–36.) The petitioner did not seek to withdraw his guilty plea, nor did he appeal his conviction in state court. He now asserts that his plea was uninformed and that he was coerced to plead guilty by the State's threat to prosecute his wife and brother if he did not. (Doc. No. 1 at 5, 7–8.)

From June 2020 to July 2021, the petitioner submitted a variety of pro se motions and letters to the trial court related to the outcome of his case. (Doc. No. 12-1 at 37–86.) The petitioner attempted to institute proceedings related to his Sumner County case in this court in July 2021, but ultimately withdrew his filing without payment of the filing fee in November 2021, so that he could return to state court. *See Creasy v. Sumner Cnty. Crim. Ct.*, No. 3:21-cv-00536 (M.D. Tenn. Nov. 30, 2021) (Richardson, J.). On November 22, 2021, the petitioner filed a motion for sentence review in the Tennessee Supreme Court. (Doc. No. 12-2.) In an order entered two days later, the Tennessee Supreme Court denied review for lack of appellate jurisdiction, "[b]ecause no post-conviction challenge was litigated in the lower courts." (Doc. No. 12-3.)

The petitioner then returned to federal court, seeking relief under Section 2254. Under the prison mailbox rule, the instant case was filed on December 21, 2021, the date the petitioner declared he handed the Petition over to prison authorities for mailing. (Doc. No. 1 at 15); *see* Rule 3(d), Rules Gov'g § 2254 Cases; *Pratt v. Kowalski*, No. 19-1142, 2019 WL 7938069, at *3 (6th

2

Cir. Nov. 13, 2019) (stating that "a habeas petition is deemed filed on the date that it is handed to prison authorities for mailing") (citations omitted).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214 (1996), sets a one-year statute of limitations for state prisoners seeking federal habeas corpus relief, which "run[s] from the latest of":

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see Holland v. Florida*, 560 U.S. 631, 635 (2010).

Here, as in the majority of cases, the statute began to run when the judgment of conviction became final, pursuant to Section 2244(d)(1)(A). The petitioner did not attempt to withdraw his February 13, 2020 guilty plea or otherwise challenge the judgment of conviction entered on that date. Therefore, the judgment against him became final thirty days later, on March 13, 2020. *See State v. Green*, 106 S. W. 3d 646, 650 (Tenn. 2003) (finding that, in Tennessee, "a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry," allowing that time for a defendant who waives his right to appeal to file a motion to withdraw the previously entered plea). The running of the limitations period is counted from the following day, March 14, 2020. *See* Fed. R. Civ. P. 6(a)(1)(A) (when computing a time period "stated in days or a longer unit of

time . . . exclude the day of the event that triggers the period"); *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000) (applying Rule 6(a)'s standards for computing periods of time to habeas filing). Therefore, unless the statute's running was tolled or the statutory clock was reset, the time for filing a federal habeas petition expired on March 15, 2021,[1] some nine months prior to this action's filing.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitations period. The petitioner's various pro se, state court motions for relief following his incarceration were not treated by the state courts as applications for post-conviction or other collateral review. (*See* Doc. No. 12-3.) Though the petitioner claims that he filed a post-conviction petition in state court (in state case number 2021-CR-205), he also asserts that that post-conviction petition was denied as untimely on April 26, 2021.[2] (*See* Doc. No. 1 at 6–8.) Only "properly filed" applications "for post-conviction or other collateral review" toll AEDPA's statute of limitations. 28 U.S.C. § 2244(d)(2); *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings—including any state-imposed time limits. A state postconviction motion that a court cannot consider because the petitioner failed to include a timely claim is not 'properly filed,' for purposes of AEDPA's statutory tolling provision." *Davis*, 900 F.3d at 323–24 (quoting,

---

[1] Because the last day of the limitations period, March 14, 2021, fell on a Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

[2] The court takes judicial notice of the state court's order dismissing the petitioner's post-conviction petition, which was entered on April 26, 2021 and is attached to the Section 2254 petition in *Creasy v. Frink*, No. 3:22-cv-00033. That order reflects that the post-conviction petition in state case number 2021-CR-205 was not filed until April 12, 2021, and did not pertain to the convictions at issue in this federal habeas action, but only to those at issue in Case No. 3:22-cv-00033. (*See* Case No. 3:22-cv-00033, Doc. No. 1 at 20–21.)

4

*e.g.*, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)) (internal citations omitted). The petitioner therefore cannot benefit from statutory tolling under Section 2244(d)(2).

In addition to tolling under the statute, AEDPA's limitations period may be subject to equitable tolling in appropriate cases. *Holland*, 560 U.S. at 645–49. However, the doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). It is the petitioner's burden to show that he is entitled to equitable tolling, *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), a burden he may carry by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016).

The petitioner argues that he was prevented from pursuing post-conviction remedies on time because he was sent to state prison on March 16, 2020 and was almost immediately placed on extended lockdown due to COVID-19, which severely limited his access to the prison law library. (Doc. No. 16 at 2–3.) He further states that he filed for state post-conviction review as soon as possible after he "finally found out about post-conviction." (Doc. No. 16 at 2.) But "ignorance of the law, including on matters such as the availability of state post-conviction remedies and the related statute of limitations, does not entitle [the petitioner] to equitable tolling." *Carter v. Phillips*, No. 20-6038, 2021 WL 867105, at *2 (6th Cir. Mar. 4, 2021), *cert. denied*, 142 S. Ct. 242 (2021). Neither does lack of access to the prison law library or other legal materials, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011), especially where, as here, the petitioner was able to make a number of state court filings during the limitations period despite

5

such lack of access. *See Faught v. Vantell*, No. 3:21-CV-321-TAV-DCP, 2022 WL 4137825, at *6 (E.D. Tenn. Sept. 12, 2022) (finding that lack of access to prison law library during limitations period was not grounds for equitable tolling where petitioner was able to file "multiple subsidiary motions to the [state court]" during that time). Again, despite alleging that his February 2020 guilty plea was coerced by threats which might have initially deterred him from objecting to his sentence, and despite being locked down and denied library access upon arriving at state prison (Doc. No. 16 at 1–3), the petitioner managed to file a number of motions and letters objecting to his prison sentence in state court between June 2020 and the expiration of the AEDPA limitations period in March 2021. (*See* Doc. No. 12-1 at 37–58.) He could have filed for collateral review of his conviction during that time but did not. Accordingly, equitable tolling of the statute of limitations is not warranted.

Finally, the petitioner does not raise "a convincing claim of actual innocence" of the charges of conviction, such that the court could reach the merits of his Petition despite its untimeliness. *McQuiggin v. Perkins*, 569 U.S. 383, 392–98 (2013) (allowing that actual innocence can operate in rare cases as an "equitable exception to § 2244(d)(1)," rather than grounds for tolling, in order to allow petitioner "to overcome expiration of the statute of limitations governing a first federal habeas petition"). The petitioner merely asserts that he "did not commit" the crimes of conviction and that "[t]here's no evidence a crime was ever committed other th[a]n Macon County coming out of their jurisdiction unescorted without a warrant to [his] house" where they "stole" his trailer. (Doc. No. 15 at 3.) This is not the "convincing claim" envisioned in *McQuiggin*, which requires a "credible showing" of "new evidence" of innocence to reach the merits of an untimely habeas petition. 569 U.S. at 392, 394–95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows it is more

6

likely than not that no reasonable juror would have convicted the petitioner.") (citation and internal quotation marks omitted); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."). Further review of this time-barred Petition is thus unavailable.

### III. CONCLUSION

For the reasons stated above, the respondent's Motion to Dismiss (Doc. No. 13) is **GRANTED** and all other pending motions are **DENIED** as moot. In view of its untimely filing, this action is **DISMISSED**.

Because this constitutes a "final order adverse to" the petitioner, the court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because reasonable jurists could not find it debatable that the court is correct in its procedural ruling under the circumstances presented here, the court **DENIES** a certificate of appealability in this case. The petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

7

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge